# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL HOLMES,<br>    Plaintiff(s),<br>v.<br>CLARK COUNTY,<br>    Defendant(s). | Case No. 2:23-cv-01988-JCM-DJA<br>**Order**<br>[Docket No. 23] |

On March 12, 2024, the Court set an early neutral evaluation for May 21, 2024. Docket No. 15. The Court therein specified requirements for seeking to change that date:

> Any request to change the date of the ENE must be made in writing. Absent unexpected circumstances like illness, any such request must be filed within 14 days of the issuance of this order. Such request must include at least five alternative dates on which all required participants are available to attend the ENE. The parties must meet and confer on such dates prior to the filing of the request.

*Id.* at 1 n.1.

On May 14, 2024, the parties filed a stipulation seeking to continue the early neutral evaluation. Docket No. 23. The stipulation consists of a single sentence. The stipulation does not indicate why it should be considered timely given that it was filed more than two months after the early neutral evaluation was set. *See id.* The stipulation provides vague reference to "a conflict in plaintiff's counsel's schedule" with no elaboration as to, *inter alia*, the nature of the conflict or when it arose. *Id.* at 1. The stipulation fails to provide five alternative dates, instead indicating that an unspecified date should be chosen that is "convenient to the Court <u>and the parties</u> after June 6th, 2024." *Id.* at 2 (emphasis added). It is unclear how the Court can know the dates that are

1

convenient for the parties when they violated the order requiring them to identify those dates up front.[1]

In short, the stipulation fails to comply with the Court's order and fails to provide sufficient justification to continue the early neutral evaluation at this late date. Accordingly, the stipulation is **DENIED** without prejudice.[2] In addition, it appears that Plaintiff has violated the order to submit an evaluation statement. *See* Docket No. 15 at 3 ("The evaluation statements must be submitted, in an envelope marked 'Confidential,' directly to the undersigned's box in the Clerk's Office not later than **3:00 p.m. on May 14, 2024**" (bolding in original, emphasis otherwise removed)). <u>Plaintiff must submit an evaluation statement that complies with the Court's order by noon on May 16, 2024.</u>

IT IS SO ORDERED.

Dated: May 15, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] As the name suggests, an <u>early</u> neutral evaluation is meant to take place early on in the case within 90 days of the defendant's appearance. *See* Local Rule 16-6(d). That outer timeframe in this case would be June 9, 2024, providing slim pickings for dates to reset the early neutral evaluation as envisioned by both the parties and the local rules. Moreover, a showing of good cause has not been made to hold the early neutral evaluation at a later date.

[2] To be clear, a renewed stipulation to continue the early neutral evaluation should be filed only if a showing can be made as to why that request is timely at this late stage (*i.e.*, that "unexpected circumstances" have arisen).