UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL HOLMES, <br><br> Plaintiff(s), <br><br> v. <br><br> CLARK COUNTY, <br><br> Defendant(s). | Case No.2:23-CV-1988 JCM (DJA) <br><br> ORDER |

Presently before the court is defendant Clark County's motion to dismiss. (ECF No. 20). Plaintiff Michael Holmes filed a response (ECF No. 21), to which Clark County replied. (ECF No. 22). For the reasons set forth below, the court grants defendant's motion to dismiss with prejudice.

**I.   Factual Background**

Plaintiff Michael Holmes is an employee of the Clark County Fire Department. (ECF No. 20). On May 13, 2021, Holmes filed discrimination charges with the EEOC concerning events that transpired during his employment. (*Id*.). The EEOC investigated and issued a right to sue letter to Holmes on September 1, 2023, through an electronic portal. (*Id*.). Holmes claims he does not recall when he first viewed the right to sue letter. (*Id*.).

Holmes thereafter retained counsel to pursue his claims against Clark County. (*Id*.). Holmes' counsel attempted to file a complaint on November 30, 2023, but alleges a computer glitch prevented the timely filing. The complaint was instead filed the following morning on December 1, 2023. (*Id*.). Holmes filed an amended complaint on March 26, 2024. Clark County now moves to dismiss the amended complaint as untimely under the statute of limitations.

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The court typically may not consider matters outside the pleadings on a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d). But the court can consider matters properly subject to judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The court can also consider documents whose contents are alleged in a complaint and whose authenticity no party questions under the incorporation by reference doctrine. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015); *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (holding that courts can consider a document incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

. . .

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III.   Discussion**

Holmes alleges discrimination and retaliation under Title VII, the American with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). Clark County contends each claim is barred by a statute of limitations and should be dismissed with prejudice.

  a.   *Statute of Limitations*

Each of Holmes' claims is subject to a statutory limitations period of 90-days after receipt of a right to sue letter. 42 U.S.C. § 2000e–5(f)(1) (establishing 90-day requirement for claims under Title VII); 42 U.S.C. § 12117(a) (adopting procedural requirements of Title VII for ADA claims); *McDermott v. Donahoe*, 465 F. App'x 686, 687 (9th Cir. 2012) (applying 90-day requirement to claim under ADEA). If the plaintiff fails to file within 90 days, the plaintiff's action is barred. *Nelson v. Hibu, Inc.*, 754 F. App'x 643, 644 (9th Cir. 2019).

The EEOC issued Holmes the right to sue letter electronically on September 1, 2023. (ECF No. 20, at 6). Holmes claims not to remember the date he first viewed the letter. (*Id.*, at 7). However, it is the *receipt* of a right to sue letter that sets the beginning of the 90-day period. *Lynn v. W. Gillette, Inc.*, 564 F.2d 1282, 1286 n.3 (9th Cir. 1977) (emphasis added).

Clark County offers public portal access records obtained by a Freedom of Information Act (FOIA) request to show that the plaintiff downloaded the right to sue letter on September 1, 2023. FOIA records are admissible for judicial review, as the court may take notice of a fact that can be accurately and readily determined from a source not subject to reasonable dispute. Fed. R. Evid. 201(b)(2); *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). The court therefore acknowledges the 90-day period began on September 1, 2023.

1    Holmes filed an unsigned initial complaint on December 1, 2023, and then refiled a
2 digitally signed complaint on December 6, 2023.  (ECF No. 20, at 6-7).  Because the plaintiff
3 corrected the error promptly, the filing date of the corrected complaint relates back to the date of
4 the initial complaint.  Fed. R. Civ. Pro 11(a).  Therefore, the initial complaint was filed on
5 December 1, 2023—one day after the deadline of the 90-day limitations period passed.

   b.  *Equitable Tolling*

7    The 90-day statutory limitations period is subject to equitable tolling in appropriate
8 circumstances.  *Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1174 (9th Cir. 1986).  Equitable tolling
9 should be sparingly applied when the plaintiff shows he has pursued his rights diligently and that
10 extraordinary circumstances stood in his way.  *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052
11 (9th Cir. 2013); *Irwin v. Dep't of Veterans Affs*., 498 U.S. 89, 96 (1990).

12   Holmes claims two paralegals tried to file the complaint using the court's online filing
13 system on November 30, 2023, but they encountered an "unknowable glitch" that forced their
14 delay.  (ECF No. 21, at 2).  Holmes argues the computer glitch was an extraordinary circumstance
15 that justifies equitable tolling.

16   Though the potential inaccessibility of the court's digital filing system is an extraordinary
17 circumstance, Fed. R. Civ. P. 6(a), it is not enough to show that a plaintiff was diligent during the
18 time of the extraordinary circumstance.  Equitable tolling instead requires an evaluation of
19 plaintiff's diligence "before, during, and after the extraordinary circumstance existed."  *Smith v.*
20 *Davis*, 952 F.3d 582, 589 (9th Cir. 2013).

21   Here, the plaintiff's attorney did not finish drafting the complaint until 10 p.m. on the last
22 day of the 90-day limitations period.  (ECF No. 21, at 2).  The paralegals' diligence in making
23 several attempts to file the complaint between 10 p.m. that evening and midnight does not
24 sufficiently show plaintiff was diligent during the limitation period as a whole.  No facts in the
25 record suggest the paralegals could not access the digital filing system due to inexperience, as the
26 paralegals each had experience using the system over one hundred times.  (ECF No. 21, at 2).

27   At the pleading stage, a complaint cannot be dismissed unless it appears beyond a doubt
28 that no set of facts would establish the timeliness of the claim.  *Supermail Cargo, Inc. v. U.S.*, 68

1  F.3d 1204 (9th Cir 1995).  Plaintiff does not allege any facts that explain why he waited until the last hour to attempt to file the complaint.  Counsel's failure to allow sufficient time to reach the courthouse does not merit equitable tolling.  *Reed v. Frank*, 888 F.2d 1394 (9th Cir. 1989) (finding a plaintiff was not diligent who waited until the last day within the limitations period to attempt to file at the courthouse, ultimately missing the deadline due to a traffic jam).  In absence of such facts, the court finds Holmes was not diligent during the almost 90 days in which he chose not to file, and his claims are not subject to equitable tolling.

Because Holmes' undue delay is not an issue that can be amended under rule 15(a), the justiciability of these claims has expired and the motion to dismiss is granted with prejudice. The court therefore finds the complaint was not timely filed, such that it need not analyze other alleged grounds for dismissal.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 20) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk of the court enter final judgement accordingly, in favor of defendant and against plaintiff, dismissing this action with prejudice and closing the case.

DATED October 29, 2024.

_____
UNITED STATES DISTICT JUDGE