UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL HOLMES, | Case No.2:23-CV-1988 JCM (DJA) |
| Plaintiff(s), | |
| v. | ORDER |
| CLARK COUNTY, | |
| Defendant(s). | |

Presently before the court is plaintiff Michael Holmes' motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).  (ECF No. 33).  Defendants Clark County et al., filed a response (ECF No. 34), to which plaintiff replied (ECF No. 35).

**I.     BACKGROUND**

On December 1, 2023, plaintiff Michael Holmes filed an employment discrimination action against defendants Clark County et al. under Title VII & the Civil Rights Act of 1866.  (ECF No. 1).  Plaintiff filed an amended complaint on March 26, 2024.  (ECF No. 17).  This court granted defendants' motion to dismiss the amended complaint on October 29, 2024.  (ECF. No. 31).  The basis of the dismissal was whether plaintiff timely filed his claims within the 90-day statute of limitations period.  The court found that he did not timely file his claims and, furthermore, did not find a basis for equitably tolling the limitations period.

On November 26, 2024, plaintiff filed the present motion to alter or amend the judgment of the motion to dismiss on the grounds of (1) clear legal error and (2) manifest injustice.  (ECF No. 33).

## II. LEGAL STANDARD

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, the "rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). *See* LR 59-1(b) ("Motions for reconsideration are disfavored.").

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890. Further, a "movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the enter of the judgment." Fed. R. Civ. P. 59(e).

## III. DISCUSSION

The court has sufficient information to decide the instant motions based on the filings and thus denies any request for oral argument. LR 78-1.

### A. Rule 6(a)(3)

Plaintiff does not present the court with new facts. Rather, plaintiff's main argument for relief is that FRCP 6(a)(3) is the appropriate rule, not the diligence requirements of equitable

- 2 -

tolling that this court applied in deciding the motion to dismiss.  (ECF No. 35 at 2).

FRCP 6(a)(3)(A) establishes that "[u]nless the court orders otherwise, if the clerk's office is inaccessible . . . on the last day for filing . . ., then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday."

Traditionally, FRCP 6 referred to the clerk's physical office. *Id.* at 1304.  However, amendments to the rule expanded what it means for the clerk's office to be "inaccessible":

> The text of the rule no longer refers to "weather or other conditions" as the reason for the inaccessibility of the clerk's office.  The reference to "weather" was deleted from the text to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system. . .The rule does not attempt to define inaccessibility. Rather, the concept will continue to develop through caselaw[.] (internal citation omitted).

Fed. R. Civ. P. 6(a)(3) advisory committee's notes to 2009 amendment.

The reconceptualization of accessibility comports with the growing body of caselaw suggesting that, "given the advent of electronic case filing (ECF), a clerk's office is no longer 'inaccessible just because it may be physically closed on a particular day." *McElveen v. Westport Recovery Corp.*, 310 F. Supp. 3d 1374, 1378 (S.D. Fla); *see, e.g.*, *Peter T. Erdelyi & Assocs. V. Optimum Seismic*, No. CV 20-11066-JVS(GJSx), 2021 U.S. Dist. LEXIS 156706, at *7-8 ("The Court agrees with the growing body of case law that inaccessibility under Rule 6(a)(3) includes situations where the Court's CM/ECF filing system is down."); *Manuel v. Barr*, 755 F.App'x 694, 695 (9th Cir. 2019) (applying FRAP's equivalent rule to extend the deadline where the only evidence presented suggested that the 'technical difficulties' were a result of a CM/ECF court system malfunction).

Accordingly, a clerk's office can be inaccessible due to technical outages related to filing with the CM/ECF system.  A party successfully establishing that such inaccessibility occurred on the last filing day would have until the "first accessible day that is not a Saturday, Sunday, or legal

holiday to file their complaint." FRCP 6(a)(3)(A).[1]

Here, plaintiff attempted to file his complaint at 10:00 p.m. on November 30, 2023, the last filing day. (ECF No. 35). *See* FRCP 6(a)(3)(A). The clerk's office was physically closed at that time. Whether the complaint was timely filed therefore depends on whether the clerk's office was "inaccessible" due to a technical issue. This court finds that it was.

Plaintiff had until 11:59 p.m. that night to file the complaint within the statutory period. *See* LR IC 3-1. The plaintiff's paralegals attempted several times to file the complaint before midnight. (ECF No. 4). They were unsuccessful. According to the plaintiff, the paralegals have successfully filed more than one hundred documents via Pacer and have encountered this issue only once before. (ECF No. 35, at 4). Absent evidence to the contrary and construing the facts in the light favorable most favorable to the plaintiff, this issue is unlikely to be user error.

Rather, the issue appeared to arise with fee collection. This is a duty typically attributed to the clerk of court; however, the CM/ECF system uses a third party known as "pay.gov," to handle fee collection. According to plaintiff, there was a failure of CMF/ECF to "reflect a connection to pay.gov," resulting in a "waiting state [] that lasted, on several occasions for 5 minutes or more, and did not appear to resolv[e]." (ECF No. 33 at 5). On its face, this is a technical failure rendering the clerk's office "inaccessible."

The court acknowledges that plaintiff has only received oral confirmation from pay.gov that no payments were made during this period. However, defendants present no evidence to the contrary. *See Manuel v. Barr*, 755 Fed. App'x 694, 695 (9th Cir. 2019) (applying FRAP 26(a)(3)(A) extension where government present any evidence to counter plaintiff's claims that technical difficulties were a result of CM/ECF malfunction rather than user error).

---

[1] Local Rule IC 3-1 also provides that "a filer whose filing is made untimely because of a technical failure may seek appropriate relief from the court."

- 4 -

Because there was a technical failure on the final day of filing, the deadline was extended to the next "accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(3). That would be December 1, 2023—the day that plaintiff filed his complaint. Barring a valid defense, plaintiff timely filed his initial complaint.

**B.     Rule 11**

Defendants argue that, even if the clerk's office was "inaccessible" under FRCP 6(a)(3), the complaint was not timely filed because the filer did not sign it. (ECF. No. at 5).

Federal Rule of Civil Procedure 11(a) requires, among other things, the signature of the attorney of record. "The court must strike an unsigned paper unless the omission is promptly correct after being called to the attorney's or other party's attention." *Id.* Under this rule, the court has discretion to strike a pleading even if it is promptly corrected; conversely, it may accept such a pleading. *Id.*

Further, Local Rule IC 2-1(i) provides a backstop to the pleading requirement: "The filing of a document through the use of an authorized filer's login and password constitutes the 'signature' of that attorney or party for purposes of Fed. R. Civ. P. 11." It is true that the court generally requires a notice of corrected image when a pleading lacks a signature or e-signature. Nonetheless, under Local Rule IC 2-1(i), it may consider the original pleading timely filed.

This court already determined that the plaintiff promptly corrected the signature error. (ECF. No. 31 at 4). That determination stands. Furthermore, as indicated in the Local Rules, the filing of a document in CM/ECF through an authorized user's login is also sufficient to satisfy the Rule 11 signature requirement.

**IV.  CONCLUSION**

The plaintiff's initial complaint, ECF No. 1, was timely filed and in compliance with FRCP 11(a).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to alter or amend (ECF No. 33) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that this court's order dismissing the case in ECF No. 31 is VACATED.

IT IS ALSO ORDERED that this case be referred to the magistrate for entry of a new discovery plan and scheduling order in accordance with this order.

DATED August 21, 2025.

_____
UNITED STATES DISTICT JUDGE